

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 2, 2017

BY CM/ECF

The Honorable Denise Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1610
New York, New York 10007

The Honorable Colleen McMahon
Chief United States District Judge
Assignment Committee for the
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:    United States v. Blaszczak et al., S1 17 Cr. 308 (DLC)

Dear Judge Cote and Chief Judge McMahon:

      The Government respectfully submits this letter in response to the May 30, 2017 letter ("Def. Ltr.") submitted by attorneys for Theodore Huber ("Huber") and Robert Olan ("Olan") in which they request re-assignment of their case because of expressed "concerns" that the Government may have "improperly circumvented" the District's case assignment system by seeking a superseding indictment. We oppose. The original charging instrument in this case was a criminal information filed against Jordan Fogel for his participation in a scheme to commit insider trading based on confidential government information. The case was randomly assigned to Judge Cote on May 19, 2017. On May 23, 2017, the grand jury returned a superseding indictment relating to the very same course of conduct against Huber, Olan, David Blaszczak ("Blaszczak"), and Christopher Worrall ("Worrall").

      The defendants' application is meritless for at least three reasons. *First*, the Government's decision to seek a superseding indictment is consistent with the "Rules of the Division of Business Among District Judges" (the "Local Rules"). The defendants' contrary and strained reading of those Local Rules should be dismissed – as it previously has been by judges of this Court. *Second*, the filing of a superseding indictment in similar circumstances is not new. For example, the Government proceeded by superseding indictment in a recent significant insider trading case, *United States* v. *Walters*, 16 Cr. 338 (PKC). Counsel for Huber was also counsel of record in that matter and raised no objection to the Government proceeding by superseding indictment at any time. *Third*, there is no allegation that the Government chose to supersede to obtain the benefit of

June 2, 2017
Page 2

a previous legal ruling by Judge Cote or the like.  Nor could there be, as there are no contested legal issues as to which Judge Cote has already ruled in the Government's favor in the matter.  Moreover, insofar as defendants' motion really amounts to an invitation to the Assignment Committee to amend Local Rule 6(e) on an *ad hoc* basis and outside of the traditional rule amendment process followed by the Court, that invitation should likewise be rejected.

### The Superseding Indictment Complied With The Local Rules

The Government sought the superseding indictment in a manner entirely consistent with the Local Rules.  Under Local Rule 6(e), a superseding indictment is properly assigned to the same judge to whom the original indictment or information was assigned.  Because this rule plainly compels rejection of the defendants' motion, they attempt to evade its application in two ways: *first*, they contend that the indictment against them does not satisfy the dictionary definition of a "superseding" indictment (Def. Ltr. at 3 n.3 (citing Black's Law Dictionary)); and *second*, in a novel reading of Local Rule 13(b), they assert that a superseding indictment is proper only where there is a "possibility of a joint trial."  (*Id.* at 3).  Both arguments are meritless and have previously been rejected.

First, the defendants argue that the indictment against them is improperly "styled" as a superseding indictment, as it is "entirely supplemental" and did not "annul" or "void" any underlying indictment.  (*Id.* at 3 n.3).  This argument is unmoored from the text of the Local Rules, which do not define the term "superseding indictment."  In fact, in *United States* v. *Hoey*, S3 11 Cr. 337 (PKC), 2014 WL 1091173 (S.D.N.Y. Mar. 12, 2014), in which Judge Castel applied Rule 6(e) to deny a similar motion for reassignment of a superseding indictment, the court explained, "[t]he rules do not define a superseding indictment and do not specify when it is appropriate for the government to seek or a grand jury to return a superseding indictment."  (*Id.* at *2).  In that case, Judge Castel listed commonsense indicators that an accusatory instrument was a "superseding indictment," including that "it is labeled a 'Sealed Superseding Indictment' and numbered with the prefix 'S3,' signifying that it is the third superseding indictment [and it] charged [the added defendant] with each of the three crimes that had been previously charged against [the preexisting defendant]."  (*Id.* at *2 n.1). The superseding indictment in this case possesses the same attributes.[1]

Furthermore, a number of courts have recognized that the Government may "elect to proceed on any pending indictment, whether it is the most recently returned superseding indictment or a prior indictment."  *United States* v. *Hickey*, 580 F.3d 922, 930 (9th Cir. 2009); *see also United*

---

[1] Judge Castel also made clear that defendants have "no vested right to enforce the terms of the Court's plan[.]"  *See Hoey*, 2014 WL 1091173, at *2; *see also* Preamble, Rules for the Division of Business Among District Judges ("These rules are adopted for the internal management of the case load of the court and *shall not be deemed to vest any rights in litigants or their attorneys*. . . ." (emphasis added));  *Chevron Corp.* v. *Donziger*, No. 11 Civ. 691 (LAK), 2011 WL 979609 (S.D.N.Y. 2011) ("Donziger's motion is based entirely on the Court's [Rules for the Division of Business] . . . as [these rules] clearly state, and as both the Second Circuit and this Court have held, no litigant would have any right to reassignment even if there had been a departure from the [rules]."); *Latino Officers Assoc. of New York, Inc.* v. *City of New York*, No. 99 Civ. 9568 (LAK), 2000 WL 1030623, at *1 (S.D.N.Y. July 26, 2000) (finding motion seeking to transfer case to another judge pursuant to the Court's internal rules "without basis" because rules conferred no rights on litigants).

June 2, 2017
Page 3

*States* v. *Walker*, 363 F.3d 711, 715 (8th Cir. 2004) (both a superseding indictment and the original indictment remain pending and the government may proceed to trial on the original indictment); *United States* v. *Vavlitis*, 9 F.3d 206, 209 (1st Cir. 1993) (an original indictment remains pending and can be used at trial even if a superseding indictment omits an element of a charged offense). A superseding indictment therefore need not "replace" or "annul" a prior indictment. Commonly accepted practices in this District compel the same conclusion. For example, at sentencing proceedings, the Government routinely dismisses earlier-filed indictments precisely because those previously filed charges have not been voided by the filing of superseding indictments. In multi-defendant cases where all the defendants may not be arrested simultaneously, the Government regularly obtains (1) a single indictment naming all defendants; and (2) superseding indictments naming each individual defendant, so that only the indictments with defendants who ultimately have been arrested are unsealed. The superseding indictments against individual defendants do not void the underlying multi-defendant indictment in which all the defendants had been named. In short, neither the Local Rules nor the long accepted practices of this District supports the defendants' premise that the superseding indictment in this case should not be considered a "superseding indictment" under Rule 6(e).[2]

Second, the defendants assert that Local Rule 13(b) engrafts upon Rule 6(e) the condition that a superseding indictment may be obtained only where there is a "possibility of a joint trial." (Def. Ltr. at 2). In so doing, the defendants seek to confuse and conflate the concept of "related cases" under Local Rule 13(b) with "superseding indictments" under Local Rule 6(e). But neither the plain meaning nor the purpose underlying Local Rule 13(b), nor prior practice in this District, supports the defendants' argument.

Local Rule 13(b), part of a broader rule governing the "Transfer of Related Cases," provides, in pertinent part: "Criminal cases are not treated as related to each other unless a motion is granted for a joint trial." Based on this rule, the defendants leap to the conclusion that a *superseding indictment* is authorized only where there is a "possibility of a joint trial." (Def. Ltr. at 2). The rule simply does not say this and the Court itself has not read it to say this. Rather, it provides that separately pending criminal cases should not be marked or deemed as "related" to each other – and thus transferred, pursuant to the procedure for "related cases" under Local Rule 13(c), to a single judge "for consolidation or coordinated pretrial proceedings" – unless the Court first grants a motion for a joint trial. Local Rule 13(b) logically follows from Federal Rule of Criminal Procedure 13, which states: "The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Both Local Rule 13(b) and Federal Rule 13 provide for a procedure by which *separate* indictments may be joined or consolidated for pre-trial or trial purposes. *See generally* Wright & Miller, 1A Fed. Prac. & Proc. Crim § 216 (4th ed.) ("Under certain conditions Rule 13 allows courts to order that separate cases be tried together. The court may hold a single trial for a single defendant who has been charged in more than one indictment or information, or for multiple defendants who are charged in separate pleadings. Rule 13 grants this authority when

---

[2] The defendants also suggest that the indictment is not "superseding" because there are "significant differences" between the conduct alleged in Fogel's original information and the conduct alleged in the superseding indictment. (Def. Ltr. at 2). This argument fails. Out of the eighteen counts in the superseding indictment, sixteen counts relate to insider trading and other conduct committed by Fogel and others at the hedge fund at which the defendants worked. Fogel's testimony will cover the conduct alleged in those sixteen counts.

June 2, 2017
Page 4

the various charges or defendants could have been joined originally in a single indictment or information.")

This procedure is wholly unconnected to the process of superseding an indictment, which (as the Court knows) is dealt with in a separate rule altogether: Local Rule 6(e). Rule 6(e) says nothing about the "possibility of a joint trial." Indeed, to read Local Rules 6(e) and 13(b) in the manner the defendants propose would produce absurd results. It would mean that the Government could not add a new defendant to a case through a superseding indictment – which, in the defendants' parlance, would be considered a "related case" – unless a motion is first "granted for a joint trial" under Local Rule 13(b). Neither the Local Rules nor the Federal Rules of Criminal Procedure contemplate such a requirement.[3]

At bottom, the defendants are essentially asking the Assignment Committee to amend Local Rule 6(e) outside of the traditional amendment process on an *ad hoc* basis. The Committee should reject this invitation. The Rules of Court unambiguously state that amendments to the Local Rules are proposed by the Joint Committee on Local Rules for consideration by the Board of Judges of the Southern District. Any amendment is then published for public comment prior to taking effect. *See* Rules of Court, http://www.nysd.uscourts.gov/proposed_amendments.php (last visited June 1, 2017). The defendants' attempt to skirt this established process and force their preferred change to the Local Rules in this case should be rejected.[4]

### The Government Has Filed Superseding Indictments In Similar Circumstances

The filing of a superseding indictment – following the guilty plea of one or more defendants charged in an original indictment or information – is not new. In fact, it is common. Additionally, when the practice has been subjected to scrutiny, either through litigation before the trial court or review by the Assignment Committee, it has been upheld.

For instance, in *United States* v. *Bailey*, S2 97 Cr. 269 (DLC), 1998 WL 748308 (S.D.N.Y. Oct. 20, 1998), the Government filed a superseding indictment against Jesse Bailey after the prior defendant, Deric Frank, pled guilty before Judge Cote. Judge Cote gave counsel for Bailey an opportunity to object to the assignment of the superseding indictment. After counsel for Bailey objected, Judge Cote referred the matter to the Assignment Committee, which decided that Judge Cote should retain the superseding indictment.

In *United States* v. *Douglas et al.*, 09 Cr. 1082 (RMB), the Government charged two defendants, Cameron Douglas and Kelly Sott, for distributing methamphetamine in New York. Both Douglas and Sott pled guilty to informations and were sentenced. Months later, based on the substantial factual overlap, the Government filed a superseding indictment naming the two suppliers from whom Douglas and Sott had obtained the narcotics they distributed in New York.

---

[3] Perhaps in an attempt to avoid such an illogical result, the defendants try to construe Rule 13(b) – which precludes treating cases as related to each other "unless a motion is *granted* for a joint trial" to require only the "*possibility* of a joint trial." (Def. Ltr. at 2) (emphasis added). But that is of course not what the rule states.

[4] Under the current rules, the Court, of course, retains authority – one that Judges have exercised – to send a superseding indictment or information back into the wheel for reassignment if the Judge believes there is insufficient overlap between the earlier and the superseding charging instruments.

June 2, 2017
Page 5

In *United States* v. *Levin et al.*, 10 Cr. 31 (SHS), the Government charged Igor Levin and Yevgeny Shvartsshteyn on securities and wire fraud charges in January 2010. On December 1, 2010, in anticipation of their guilty pleas, the Government filed a superseding information charging substantially the same conduct contained in the original indictment. On December 1 and 2, 2010, the defendants pled guilty to the charges in the information. Then, on December 13, 2010, the Government filed a superseding indictment against two new defendants, William Shternfeld and Benjamin Koifman, charging them with their participation in the fraudulent scheme.

In *United States* v. *Steinberg*, 12 Cr. 121 (RJS), an insider trading case in which the defendant was represented by counsel for Huber, defense counsel objected to the filing of a superseding indictment before Judge Sullivan after all previously-indicted defendants had either pled guilty or been convicted at trial. Judge Sullivan retained the case after the parties briefed the issue for Judge Sullivan and then-Chief Judge Preska as head of the Assignment Committee.[5]

In *United States* v. *Walters*, 16 Cr. 338 (PKC), an insider trading case in which the defendant was represented by counsel for Huber, the Government filed a superseding indictment after cooperating witness Thomas Davis had pled guilty before Judge Castel. Despite objecting to Judge Sullivan's retention of the superseding indictment in *Steinberg*, defense counsel did not object to Judge Castel's retention of the superseding indictment in *Walters*.

### The Government Did Not Supersede to Benefit from a Particular Legal Ruling

The defendants' motion is replete with speculation that inconsistencies in the Government's charging practices amounts to improper conduct fueled by illicit motives. A number of different factors necessarily go into whether an indictment or information should be superseded into an existing case, including, among other things: the extent of factual overlap; whether there are already a number of different cases pending before different judges (*e.g.*, if there are already multiple cooperators with cases pending before different judges) or just one case where superseding might make more sense; the timing of the charges and any decisions to cooperate; the likelihood that a cooperator with a case already pending will be called to testify; and the likelihood of trial and complexity of issues such that judicial efficiency weighs in favor of superseding. In this case, these factors weighed in favor of superseding this case into the recently-filed case before Judge Cote.

---

[5] Defense counsel repeatedly observes that Judge Barrington D. Parker later voiced concerns during appellate oral argument in a different case that the Government's decision to supersede the indictment in *Steinberg* might have been motivated by a desire to avail itself of a favorable ruling on a contested legal issue that Judge Sullivan had already issued in that case. That concern, however, is not present here. And more on point, defense counsel fails to note that in *Steinberg*, the very issue of the superseding indictment was fully litigated before Judge Sullivan, who made the decision to keep the case only after consultation with then-Chief Judge Preska.

June 2, 2017
Page 6

*   *   *   *

        For the foregoing reasons, the defendants' application should be denied.

        Respectfully submitted,

        JOON H. KIM
        Acting United States Attorney

By:    /s/
        Damian Williams
        Ian McGinley
        Joshua A. Naftalis
        Assistant United States Attorneys
        212-637-2298/2257/2310

cc:    Defense counsel (by ECF)